ERIC GRANT
United States Attorney
JESSICA DELANEY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>ROBERT WILLIAM FARANTINO,<br><br>          Defendant. | CASE NO.  2:26-CR-0008 JAM<br><br>UNITED STATES' MEMORANDUM IN SUPPORT OF MOTION FOR DETENTION<br><br>DATE: January 29, 2026<br>TIME: 2:00 a.m.<br>COURT: Hon. Allison Claire |

The United States previously moved for detention in this case pursuant to 18 U.S.C. § 3142(e)(3)(E).  This court should detain the defendant because no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of other persons and of the community.

**I.     FACTUAL BACKGROUND**

The defendant is indicted on one count of distribution of child pornography, pursuant to 18 U.S.C. § 2252(a)(2).  In May 2025, Defendant engaged in an online communication with an undercover officer on the social media application, Kik.  During that communication he both distributed files containing child sexual abuse material (CSAM) and also offered to masturbate for the undercover officer's supposed 8-year-old daughter.  The defendant also asked the undercover officer if she had "pics of any young."

In the course of the investigation, federal search warrants were obtained for Defendant's Kik

account and for his electronic devices. In addition to the child sexual abuse material (CSAM) that Defendant distributed to the undercover officer in the count charged in the Indictment, additional files containing CSAM were located in his social media account and on his cell phone.

In his Kik account, Defendant engaged in multiple communications with Kik users who claimed to be underage. These messages included Defendant's consistent request for "pics" from a user who stated that she was 13-years-old. Defendant also told the 13-year-old user that he would visit her and asked if she would sneak out at night to meet up with him. Specifically, he asked, "would you really come out and fuck?"

Another message string was located in the Kik account in which Defendant communicated with a user who reported to be 17-years-old. Defendant asked the user if that was her real age, or if she was younger. Defendant asked the other user if she had any "young" friends who would join in their sexual fantasies, and he told the other user, "Hmm I'd try a 12yrd." He also asked the user if she had any "nudes" of her friends and asked to see them.

Defendant asked a Kik user who claimed to have access to underage children for the "menu" and the two discussed the cost for having minors perform sexual acts on camera. In a communication with another Kik user, Defendant stated, "trying to find more kids on here, not getting any luck." To the same user, he later sated "Found a 15yrd girl, hopefully I can sweet talk her into nudes" and in a later communication, "I might get lucky this weekend with a 13yrd." The Kik account included multiple other communications in which Defendant messaged with individuals stating that they were underage, or with apparent adult users claiming to have access to minors.

The search of Defendant's cell phone also revealed conversations between Defendant and individuals stating that they were underage. For example, additional Kik messages were located on Defendant's phone, though on a different Kik account than the one that was subject to the earlier search warrant. Again, there were multiple messages between Defendant and users claiming to be underage, in which Defendant discussed sexual matters, sent files containing photos of himself masturbating or naked, and asked that the minor users to send him "pics" and "nudes." He also asked users who identified themselves as minors if they wanted to have sex with him. He engaged in messaging with a user who claimed to be 13 in which he asked her for "nudes" and asked her if she wanted to have sex

with him and offered to pay $200 to have sex with her.

On the Snapchat app installed on his phone, Defendant appeared to be attempting to solicit an underage prostitute, asked the apparent pimp where they got the girls, and stating that he wanted a girl from "8-15." He also made multiple attempts to contact people who appeared to be underage on Snapchat, though the messages found on his phone appeared to have gone unanswered.

## II.     LAW AND ARGUMENT

It shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person and the safety of the community if probable cause exists to believe that the person committed an offense involving a minor victim under section 2252(a)(2).  18 U.S.C. § 3142(e)(3)(E).  Even if the presumption is rebutted, then pursuant to 18 U.S.C. § 3142(g), courts must consider a variety of factors when determining detention, including (1) the nature and circumstances of the offenses charged, (2) the weight of the evidence, (3) the history and characteristics of a defendant, and (4) the nature and seriousness of a danger to any person or the community. 18 U.S.C. § 3142(g). Applying a holistic assessment of these factors to this case, there are no conditions that will ensure Defendant's appearance as required or reasonably assure the safety of any person or the community.

The government is aware of no factors to rebut the presumption in this case, particularly given that Defendant's predatory actions toward minors extended across multiple social media platforms, and demonstrate that he both solicited minors for CSAM as well as for actual sex, and even communicated with adults about the possibility of them procuring a minor for him, with the knowledge that the minor would engage in sex with him.

The offense charged carries significant penalties, including a mandatory minimum sentence.  The evidence is particularly strong, given that it involves distributing CSAM to an undercover agent.  The discovery includes evidence of the distribution obtained directly from Defendant's Kik account and retained on the agent's cell phone.  It is corroborated by attribution and similar act evidence obtained from Defendant's Kik account and on his cell phone.  Further, the dangerousness that he poses to the community, particularly in light of his consistent requests that minors send him photos and meet with him for sex, cannot be overstated.

//

//

### III. CONCLUSION

For these reasons, the United States respectfully moves for detention.

Dated:  January 28, 2026                                     ERIC GRANT
                                                             United States Attorney

                                                    By:  /s/ JESSICA DELANEY
                                                         JESSICA DELANEY
                                                         Assistant United States Attorney